Opinion of the Court, by
Ch. J. Boyle.
THIS was an action upon the case, in which the plaintiff declared “ that on the 16th of August 1810, at Lexington, &c. the defendant, by a certain writing, signed with the proper hands of the said plaintiff and said defendant, the date whereof is the same day and year aforesaid, did sell to the said plaintiff a certain negro boy, for the sum of four hundred dollars, and did then and there, by said writing, warrant the said negro boy to be sound; which said negro boy was then and there, at the time of said sale and warranty, unsound,” &c. &c.
The defendant pleaded the general issue, on the trial of which, he moved the court to instruct the jury, that unless they should be of opinion, from the testimony in the cause, that the slave in the declaration mentioned was unsound at the time of the sale, their verdict by law should be for the defendant; but the court overruled the motion and refused to give the instruction, being of opinion that if the slave was unsound at the delivery, it was unimportant whether he was sound or unsound at the time of the sale. The defendant excepted, and a verdict and judgment being given against him, he has brought the case to this court by writ of error.
The errors assigned, which we deem necessary to be noticed, question, 1st, the sufficiency of the declaration, *217 and 2dly, the propriety of the decision of the court below on the motion to instruct the jury.
1. The principal objections to the declaration are, that the contract of sale, as alleged, is executory; that there is no consideration averred, and that the boy is not named or otherwise described with certainty.
It is perfectly clear, that the contract as alleged, is not, as is supposed, an executory contract. It does not purport to be an agreement that the defendant would thereafter sell, but that he did then and there sell the boy. Equally groundless is the supposition that there is no averment of a consideration. It is true, that it is left doubtful whether the consideration was paid or not; but whether paid or not, the contract of sale is equally valid and obligatory. Nor can the objection that the boy is not named nor otherwise described, be sustained. The English precedents of declarations upon contracts of warranty, show that certainty in the description of the thing warranted, is unnecessary. 2 Chitty Plead. 276.
2. That the court below erred in their decision on the motion to instruct the jury, we have but little doubt. That court seems to predicate their opinion upon the fact, that the delivery of the boy by the defendant to the plaintiff did not take place until some time after the contract was made; and although there is nothing in the record to show the fact to be so, we ought, perhaps, to presume it. This, however, will not justify the opinion of the court. A contract of sale transfers the property in the thing sold, from the seller to the purchaser, without delivery, insomuch that an action of detinue may be maintained by the latter against the former, for a detention after the sale. 1 Chitty 118. And if a future time be agreed on for the delivery, the thing sold is at the risk of the purchaser, until the time of delivery, unless otherwise stipulated between the parties. 2 Black. Com. 452; Shepherd’s Touchstone 224. The seller may indeed bind himself by contract to warrant the thing sold shall continue sound after the sale; but in this case the defendant is alleged to have warranted the boy to be sound, and not that he should be so thereafter.
The judgment must be reversed with costs, and the cause remanded for a new trial, not inconsistent with the foregoing opinion.